By the Court,

Nelson, Ch. J.
The report must be set aside, unless the plaintiff relinquishes the $250 counsel fee in the chancery suit. The defendant was a feme covert when the contract was made, and continued so until the termination of the- suit commenced by her. The statute allowing the suit in her name, 2 R. S. 144, § 39, does not remove the common law inability of the feme covert to contract. I admit if a subsequent promise could be shewn, the defendant would be liable. The previous services for her benefit, and at her request, would constitute a moral obligation sufficient to uphold the promise made after the removal of the disability. 5 Taunton, 37. Nothing short of this can give a right of action against her.
The $200 counsel fee for services in the defence of Maria Johnson was properly allowed. The defendant retained the plaintiff, and the right to compensation stands on the same footing as if the plaintiff had been retained for the defendant; and the demand is recoverable under the common counts in the same form as if the services had been rendered for the defendant herself. It is true, at the time of the retainer the defendant was feme covert; but she was soon after divorced, and it is to be presumed subsequently recognized the services rendered. The report must be set aside unless the plaintiff within twenty days remits the $250, so as to reduce the amount to be recovered to $200 ; and in that case the motion is denied.
Ordered Accordingly.